JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1005 DOC                              Date: August 22, 2012

Title: <u>GEORGE WILLIAM HALL V. UNITED STATES OF AMERICA</u>

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

| <u>Julie Barrera</u> | <u>    N/A    </u> |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                        None Present

**PROCEEDINGS: (IN CHAMBERS): ORDER DENYING PETITIONER'S MOTION TO CORRECT ERROR IN JUDGMENT AND COMMITMENT ORDER**

Before the Court is *pro se* Petitioner George William Hall's Motion to Correct Error in Judgment and Commitment Order ("Motion"). (Dkt. 1.) After reviewing the motion and opposition, and for the reasons stated below, the Court DENIES Petitioner's Motion.[1]

**I.     Background**

On September 11, 2006, this Court sentenced George William Hall ("Petitioner") to 97 months imprisonment after Petitioner pled guilty to conspiracy and conspiracy to launder monetary instruments. (Case No. SACR 5-34 DOC-3, Dkt. 495.) The Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on October 9, 2007 (Case No. SACV 7-1158 DOC, Dkt. 1.) The Order denying the motion was entered on June 6, 2009. (Case No. SACV 7-1158 DOC, Dkt. 11.)

On July 11, 2011, Petitioner filed the present Motion. The Petitioner claims that the 97-month sentence is an error because the sentence does not reflect that the Court

---

[1] The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1005 DOC                                Date: August 22, 2012
                                                                                    Page 2

granted two months of "extra credit" for self-surrender and a twelve-month reduction for enrollment in the Bureau of Prison's Residential Drug Abuse Treatment Program ("RDAP"), which would have reduced the sentence by 14 months. The Petitioner bases his Motion on the following statements made by the Court at the sentencing hearing: (1) "Now, by self-surrendering that's going to give you about two months of extra credit"; and (2) "I'm going to put the Bureau of Prisons on alert that I want you in that program. That will give you 12 more months of a reduced sentence." (Decl. of Pet'r, Dkt. 3, Ex. A.)

The Government's Opposition ("Opposition") states the Court's judgment from the sentencing hearing: "[Petitioner], is hereby committed…to the custody of the Bureau of Prisons to be imprisoned for a term of 97 months, which is the lowest term in that range." (Opp., Dkt. 7, 8:3-8:6.) The 97-month sentence is accurately reflected in the Judgment and Commitment Order. (Opp., Ex. C.)

    II.     Discussion

           a. **Petitioner is not entitled to relief pursuant to Rule 36.**

The Petitioner argues that his 97-month sentence should have been reduced by 14 months because he self-surrendered and enrolled in RDAP. The Petitioner seeks relief pursuant to Federal Rules of Criminal Procedure 36, which states that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. "Rule 36 is limited to errors that are clerical in nature, typically where the written sentence differs from the oral pronouncement of the sentence, not judicial mistake." *United States v. Johnson*, 571 F.3d 716, 718 (7th Cir. 2009) (citations omitted). *See also*, *United States v. Eskridge*, 445 F.3d 930, 934 (7th Cir. 2006) ("A district judge may still correct a final judgment in a criminal case to reflect the sentence he actually imposed but he cannot change the sentence he did impose even if the sentence was erroneous."); *United States v. Kaye*, 739 F.2d 488, 490 (9th Cir.1984) ("A change made under Fed.R.Crim.P. 36 can do no more than conform the sentence to the term which the record indicates was intended.").

The Petitioner offers no evidence of clerical error or an error of the record, as the sentence received and properly recorded was 97 months. The sentencing hearing record

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1005 DOC                                            Date: August 22, 2012
                                                                     Page 3

states: "it is the judgment of this Court that the [Petitioner] is hereby committed …to the custody of the Bureau of Prisons to be imprisoned for a term of 97 months, which is the lowest term in that range." The Petitioner has not offered evidence that the hearing was inaccurately recorded or the sentencing order does not match the hearing record.

The Court's statements regarding self-surrender and RDAP enrollment are not a basis for a sentence reduction under Rule 36. Even assuming those statements made the Petitioner entitled to reduce his 97-month sentence by 14 months, the Court's failure to reduce the 97-month sentence would be a *judicial* error, not the *clerical* error that Rule 36 addresses. As the type of error Petitioner alleges does not qualify as a clerical error under Rule 36, the Court DENIES Petitioner's Motion.

### b. Petitioner is not entitled to a second 28 U.S.C. § 2255 motion.

Alternatively, to the extent that Petitioner's Motion could be construed as a motion under 28 U.S.C. § 2255 to correct a sentence due to judicial error, such relief is not available because this would be Petitioner's second such motion. "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain" newly-discovered exculpatory evidence or a new retroactive constitutional law. 28 U.S.C. § 2255(h). There is nothing in the record to indicate Petitioner has taken the proper steps to seek an order from the appropriate court of appeals authorizing the district court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A). Furthermore, the motion does not claim there is relevant newly-discovered evidence or an applicable new rule of constitutional law. To the extent that Petitioner's motion could be construed as brought under § 2255, it is DENIED.

### c. Petitioner may still be eligible for a reduction in sentence.

Finally, if the Petitioner is enrolled in the RDAP, there is still a possibility of a sentence reduction–but not through litigation, rather through the BOP. Pursuant to 18 U.S.C. § 3621, "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2). Successful completion is determined by the Director of the BOP. 18 U.S.C. § 3621(e)(1). Thus, although the Petitioner has not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-1005 DOCDate: August 22, 2012
Page 4

presented a reason for the Court to alter the sentence, the Court's order does not prevent Petitioner from seeking a reduction in sentence from the BOP.

**IV.Disposition**

For the foregoing reasons, the Court DENIES Petitioner's Motion to Correct Error in Judgment and Commitment Order.

The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11
CIVIL-GENInitials of Deputy Clerk : jcb